Charles W. Coe
LAW OFFICE OF CHARLES W. COE
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN W. KODIAK, | ) Case 3:09-cv-_____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

COMES NOW, the plaintiff, JOHN W. KODIAK, by and through his attorney, CHARLES W. COE, to state and allege the following as his cause of action for his complaint.

I

This court has jurisdiction over this cause of action pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. 2671, *et seq.*, (The Federal Tort Claims Act) as hereinafter more fully appears.

II

Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1402(b). The plaintiff was a resident within the District of Alaska when this incident occurred and when the acts or omissions complained of occurred within the District of Alaska and the United States is a defendant.

III

Federal Tort Claims were filed with the United States Department of Health and Human Services on September 3, 2003, and May 10, 2004. This claim was not administratively denied or resolved by this agency within 6 months nor after numerous requests to resolve these claims were made and suit is permitted under 28 U.S.C. 2675(a).

IV

The United States of America is a defendant in this matter in that the Department of Health and Human Services is a department of the United States government and is vicariously liable for the acts/omissions of their employees, representatives, contractors, and

agents under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment, and negligent supervision. The term defendant in his complaint means United States and/or Department of Health and Human Services acting through their employees, representatives, contractors and/or agents at the Alaska Native Medical Center in Anchorage, Alaska.

V

All events relevant to the cause of action of this complaint occurred in the state of Alaska at Anchorage, Alaska.

VI

Claimant is an Alaska Native entitled to receive medical care at Alaska Native Medical Center. In 1986 claimant received a fusion at C5-6. He developed pain in that area over the years and was seen at Alaska Native Medical Center for this pain which increased severely. He was told that the fusion was still intact at all times. However, on September 4, 2001, he was advised that his fusion was actually broken and that he needed another fusion. He did not become aware that the 1986 fusion was not properly done until well after the September 2001 fusion was performed. The broken fusion was misdiagnosed over the years causing plaintiff's damages set forth in paragraph X of this complaint.

VII

Claimant had neck surgery on September 19, 2001, at the Alaska Native Medical Center in Anchorage, Alaska. It was confirmed that the prior fusion was broken and a C4-7 fusion was performed using an acess plate with four screws on each side. At sometime after this surgery the screws became loose causing the need for another surgery. Additionally, cysts developed at the fusion site and a cervical tear of the spine occurred in the process. This was discovered on March 17, 2004. The government facility was negligent in not diagnosing or correcting this condition which resulted in damages set forth in paragraph X of this complaint prior to March 17, 2004.

## VIII

The defendant, by and through the staff at its hospital, owed plaintiff, John W. Kodiak, a duty of care to perform the proper tests, inform him of the possible sources of his medical problem, perform and properly read his MRI's, properly read his x-rays, properly diagnose and treat him for his medical conditions, and to respond to his complaints before and after his surgery. Defendant breached this duty by failing to warn John Kodiak of his condition, by failing to refer him to other medical professionals to evaluate and treat his condition, by misdiagnosing his condition, and by failing to perform tests to determine if he had a broken fusion and if the subsequent fusion he had in 2001 failed.

## IX

The defendant, through its employees and representatives, also owed a duty to the plaintiff to have knowledge and expertise to perform procedures, interpret x-rays,/MRI's, provide proper diagnoses, and follow-up care without causing injuries to the plaintiff. The care they provided to the plaintiff was below acceptable medical standards of care. The defendant failed to properly treat, evaluate and diagnose the plaintiff's condition. The plaintiff relied on defendant's warranties and representatives as to his condition resulting in his injuries and damage set forth in paragraph X of this complaint.

X

As a direct and proximate result of the defendant's breach of care, negligence, and medical malpractice, the plaintiff incurred the following damages:

1. Injuries to his neck and cervical spine;

2. Additional medical expenses to treat his neck and cervical spine;

3. Lost wages;

4. Emotional and physical pain and suffering in the past, present, and future;

5. Loss of enjoyment of life and loss of full use of his body;

6. Physical impairment; and

7. Other damages to be proven at trial.

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the amounts originally claimed in the administrative claims process;

2. Costs and attorney fees as allowed under the Federal Tort Claims Act and Federal Rules; and

3. For such other relief as this court deems just and equitable.

DATED this 1st day of May, 2009.

By: s/Charles W. Coe
Attorney for Plaintiff
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Phone: (907) 276-6173
charlielaw@gci.net
ABA#7804002