# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

JOHN W. KODIAK,

      Plaintiff,

    vs.

UNITED STATES OF AMERICA,

      Defendant.

3:09-cv-00082 JWS

ORDER AND OPINION

[Re: Motions at Dockets 24 & 51]

## I. MOTIONS PRESENTED

At docket 24, defendant the United States of America ("the government") moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff John W. Kodiak ("Kodiak") opposes the motion at docket 43. The government's reply is at docket 52.

At docket 51, the government moves to strike the expert report of Dr. Benny Gavi. Kodiak opposes the motion at docket 55. The government's reply is at docket 56.

Oral argument was held on March 8, 2012.

## II. BACKGROUND

Kodiak had C5-6 spinal fusion surgery at the Alaska Native Medical Center in 1988. Kodiak maintains that he developed pain at the site of the procedure that persisted until September 2001. At that time, Kodiak was informed that the fusion was broken. He maintains that the broken fusion from the first surgery was misdiagnosed for many years, causing him to suffer damages. Kodiak underwent a C4-7 spinal fusion surgery in 2001. He maintains that screws used in the procedure became loose, requiring another surgery.

Kodiak filed an administrative claim in 2003. In March of 2004, he amended his claim and alleged that the second surgery was negligently performed. Kodiak filed this suit in May 2009, asserting claims for medical malpractice based on both surgeries and subsequent misdiagnoses.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving

---

[1] Fed. R. Civ. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Id.*

party.[4]  The reviewing court may not weigh evidence or assess the credibility of witnesses.[5]  The burden of persuasion is on the moving party.[6]

**IV.  DISCUSSION**

The government's motion for summary judgment hinges on a lack of expert testimony supporting Kodiak's medical malpractice claims.[7]  The government concedes that consideration of Dr. Benny Gavi's ("Gavi") expert report would render its motion for summary judgment "moot."[8]  Therefore, the government's motion for summary judgment depends on disposition of the motion at docket 51.

**A.  Motion at Docket 51**

**1.  Procedural History**

Plaintiff's expert reports were initially due on June 14, 2010.[9]  That deadline was subsequently extended to July 5, 2010.  From September 2010 to January 2011, the government filed four unopposed motions to extend the discovery deadlines, all of which were granted.[10]  The final order extending the discovery deadlines required all discovery to be completed by April 18, 2011.  The present motion was filed on April 1, 2011.  From April 2011 through September 2011, Kodiak filed seven unopposed motions to extend the time to respond.  A supplemental witness list filed on July 20, 2011, included Gavi and Dr. Ross Lieberfarb ("Lieberfarb").[11]  Kodiak intends for Gavi to

---

[4]*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[5]*Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[6]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7]*See* doc. 24 at 9–10.

[8]*See* doc. 56 at 2.

[9]Doc. 11 at 2.

[10]Docs. 17, 19, 21, 23.

[11]Doc. 32.

testify as to the applicable standard of care and whether providers at ANMC met that standard. Lieberfarb is a radiologist prepared to offer opinions regarding Kodiak's x-rays and MRIs.

Kodiak attached Gavi's expert report to his response to the government's motion for summary judgment. Gavi opined that ANMC "fell below the standard of care for failing to diagnose the incomplete fusion from the time period of 11/17/1997 to 9/4/2001, so that the providers treating . . . Kodiak could refer . . . Kodiak to the proper specialists and provide the correct course of treatment."[12]

### 2. Whether Exclusion is Proper

The government argues that Gavi's expert report was untimely and should be excluded. The original deadline for plaintiff's expert disclosures was June 14, 2010. Gavi was not disclosed until Kodiak filed a supplemental witness list over a year later. Ordinarily, the court would not consider an expert report that was disclosed for the first time over a year after the deadline. However, the government did not cite a procedural vehicle for its motion–Rule 37–or any authority supporting exclusion as a proper remedy. Moreover, both parties have requested numerous extensions of time. The government requested four extensions of the time for discovery, and Kodiak requested seven extensions of the time to respond to the present motion. Under these circumstances the court concludes that the policy in favor of cases being resolved on their merits outweighs Kodiak's untimely disclosure of Gavi's report.

Even if the government had properly supported its motion, for similar reasons, the court concludes that failure to disclose Gavi until July 2011 was harmless.[13] Although Gavi's report was disclosed after the government filed its motion for summary judgment, the government waited for approximately five months before filing its motion

---

[12] Doc. 43-25 at 4.

[13] *See* Fed. R. Civ. P. 37(c)(1).

to exclude. Given this lawsuit's history of delay, the government had adequate notice of Gavi's expert report.

**B. Motion at Docket 24**

The government argues that, even if Gavi's report is considered, partial summary judgment is appropriate because Kodiak has not supported allegations that the 1988 or 2001 surgeries were performed negligently.[14] The court agrees that Kodiak has not presented sufficient evidence supporting his contention that the surgeries themselves were negligently performed.[15] Gavi's opinion is limited to the notion that ANMC providers were negligent in misdiagnosing the failed fusion from the 1988 surgery. Because Kodiak has not supported claims that the surgeries were negligently performed, summary judgment in the government's favor on those claims is appropriate.

The government argues that even if the court considers Gavi's report, summary judgment on Kodiak's claim that ANMC was negligent in diagnosing the failed fusion is still appropriate because Gavi did not opine as to causation.[16] However, causation is generally a jury question and may be inferred.[17] In addition, there are outstanding issues of material fact precluding summary judgment on that basis.

For instance, there are issues of material fact as to whether Kodiak exhibited signs that his spinal fusion had broken, prior to its diagnosis in July 2001. The deposition of Dr. Brian Trimble suggests that Kodiak visited the emergency room on

---

[14] Doc. 52 at 2.

[15] *See Kendall v. Div. of Corrections*, 692 P.2d 953 (Alaska 1984) ("In medical malpractice actions . . . the jury ordinarily may find a breach of professional duty only on the basis of expert testimony.").

[16] Doc. 52 at 4.

[17] *See, e.g.*, *Division of Corrections v. Neakok*, 721 P.2d 1121, 1127 n.7 (Alaska 1986) ("[A] specific case-by-case determination of . . . causation lies within the province of a jury."), *overruled on other grounds by Dept. of Corrections v. Cowles*, 151 P.3d 353 (Alaska 2006). *See also, e.g.*, *Hinman v. Sobocienski*, 808 P.2d 820, 823 (Alaska 1991) ("The only issue is whether a jury could reasonably infer from these facts that the dangerous condition of the stairs was more likely than not a substantial factor in causing Hinman's injuries.").

November 14, 1997, "complain[ing] of pain from his head to his toes."[18] That testimony creates an issue of material fact as to whether there was a potential basis for doctors to diagnose a failed fusion. The deposition of Dr. Allen Smith supports Kodiak's theory that, had his broken fusion been diagnosed earlier, he would have been more cautious in his daily activities.[19] Disputed issues of material fact preclude summary judgment in the government's favor on the basis of failure or inability to prove causation.

## V. CONCLUSION

For the reasons above, the government's motion at docket 51, to exclude Gavi's opinions, is **DENIED**. The motion at docket 24 is **GRANTED** in part and **DENIED** in part as follows:

1) It is granted as to Kodiak's claims that the 1988 and 2001 surgeries were negligently performed.

2) It is granted insofar as the government will have until May 1, 2012, to depose plaintiff's experts.

3) It is denied in all other respects.

DATED this 12th day of March 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[18] Doc. 43-27 at 4.

[19] Doc. 43-28 at 3.